IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ORUS ASHBY BERKLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 7:17-CV-357 |
| | ) | |
| MOUNTAIN VALLEY PIPELINE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF DEFENDANT MOUNTAIN VALLEY PIPELINE, LLC
IN SUPPORT OF ITS MOTION TO DISMISS

> Wade W. Massie
>  VSB No. 16616
> Mark E. Frye
>  VSB No. 32258
> Seth M. Land
>  VSB No. 75101
> PENN, STUART & ESKRIDGE
> P.O. Box 2288
> Abingdon, Virginia 24212
> Telephone: 276/628-5151
> Facsimile: 276/628-5621
>
> *Counsel for Mountain Valley Pipeline, LLC*

TABLE OF CONTENTS

INTRODUCTION ............................................................................................1

STATEMENT OF THE CASE ........................................................................2

STANDARD OF REVIEW ...........................................................................3

ARGUMENT ................................................................................................4

    A.    THE COURT LACKS SUBJECT-MATTER
           JURISDICTION OVER COUNTS ONE, TWO,
           AND THREE...................................................................................4

    B.    PLAINTIFFS' CLAIMS ARE NOT RIPE........................................9

    C.    PLAINTIFFS LACK STANDING.................................................10

    D.    PLAINTIFFS HAVE FAILED TO EXHAUST
           ADMINISTRATIVE REMEDIES....................................................11

    E.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM
           UPON WHICH RELIEF CAN BE GRANTED .............................12

           *1.*    *Count One*.............................................................12

           *2.*    *Counts Two and Three*...........................................15

           *3.*    *Count Four* ...........................................................17

CONCLUSION.............................................................................................19

# TABLE OF CITATIONS

Cases:

*Am. Energy Corp. v. Rockies Express Pipeline LLC*,
  622 F.3d 602 (6th Cir. 2010) ................................................................. 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................. 4

*Clapper v. Amnesty Intern. USA*,
  568 U.S. 398 (2013) ........................................................................... 10

*Columbia Gas Transmission, LLC v. 76 Acres More or Less*,
  CIV.A. ELH-14-0110, 2014 WL 2960836 (D. Md. June 27, 2014) .............. 15, 16

*Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*,
  CV ELH-15-3462, 2016 WL 1248670 (D. Md. Mar. 25, 2016) ......................... 15

*Columbia Gas Transmission, LLC v. 171.54 Acres of Land,
  More or Less, in Fairfield, Hocking, Monroe, Morgan,
  Muskingum, Noble, Perry, and Vinton Cntys. Ohio*,
  No. 2:17-CV-70, 2017 WL 838214 (S.D. Ohio Mar. 3, 2017) ............................ 16

*Connors v. Amax Coal Co., Inc.*,
  858 F.2d 1226 (7th Cir. 1988) ................................................................. 6

*Consol. Gas Supply Corp. v.
  Fed. Energy Reg. Comm'n*,
  611 F.2d 951 (4th Cir. 1979) ................................................................. 7

*Demetres v. E. W. Constr., Inc.*,
  776 F.3d 271 (4th Cir. 2015) ................................................................. 3

*DiLaura v. Power Auth. of State of N.Y.*,
  982 F.2d 73 (2d Cir. 1992) .................................................................. 11

*E. Tenn. Nat. Gas Co. v. Sage*,
  361 F.3d 808 (4th Cir. 2004) ................................................................. 13, 15, 16

*Equitrans, L.P. v. 0.56 Acres More or Less of*
 *Permanent Easement Located in Marion Cty., W. Va.*,
 145 F. Supp. 3d 622 (N.D. W. Va. 2015) ................................................... 13, 15, 17

*Florida Gas Transmission Co. v. 9.854 Acre Nat.*
 *Gas Transmission Pipeline Easement*,
 96-14083 CIV, 1998 WL 2018164 (S.D. Fla. June 15, 1998) ............................. 16

*Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*,
 204 F.3d 149 (4th Cir. 2000) ......................................................................... 10

*Fuel Safe Washington v. Fed. Energy Reg. Comm'n*,
 389 F.3d 1313 (10th Cir. 2004) .................................................................... 12

*Gas Transmission N.W., LLC v. 15.83 Acres of*
 *Perm. Easement More or Less, Located in Morrow County*,
 126 F. Supp. 3d 1192 (D. Or. 2015) ............................................................. 15

*Hawaii Hous. Auth. v. Midkiff*,
 467 U.S. 229 (1984) ..................................................................................... 13

*Iacampo v. Hasbro, Inc.*,
 929 F. Supp 562 (D.R.I. 1996) ....................................................................... 4

*Islander E. Pipeline Co., LLC v.*
 *Conn. Dep't of Envtl. Prot.*,
 482 F.3d 79 (2d Cir. 2006) ............................................................................. 4

*Jeong Seon Han v. Lynch*,
 223 F. Supp. 3d 95 (D.D.C. 2016) .................................................................. 3

*Jones v. Bock*,
 549 U.S. 199 (2007) ..................................................................................... 11

*Kelo v. City of New London*,
 545 U.S. 469 (2005) ..................................................................................... 12

*Klemic v. Dominion Transmission, Inc.*,
 138 F. Supp. 3d 673 (W.D. Va. 2015) ................................................... 3, 10, 18

iii

*Louisiana Power & Light Co. v.*
 *Fed. Power Comm'n,*
 526 F.2d 898 (5th Cir. 1976) ...................................................9

*Lovelace v. United States,*
 No. 15-cv-30131-MAP (D. Mass. Feb. 18, 2016) ...............................6, 7

*Maine Council of Atl. Salmon Fed'n v.*
 *Nat'l Marine Fisheries Serv. (NOAA Fisheries),*
 16-2155, 2017 WL 2456812 (1st Cir. June 7, 2017) ...........................8

*Midcoast Interstate Transmission, Inc. v.*
 *Fed. Energy Reg. Comm'n,*
 198 F.3d 960 (D.C. Cir. 2000) .................................................13

*Miller v. Brown,*
 462 F.3d 312 (4th 2006) ......................................................10

*Mims v. Arrow Fin. Servs., LLC,*
 565 U.S. 368 (2012) .............................................................5

*Moreau v. Fed. Energy Reg. Comm'n.,*
 982 F.2d 556 (D.C. Cir. 1993) ..................................................9

*Nat'l Rifle Ass'n of Am. v. MaGaw,*
 132 F.3d 272 (6th Cir. 1997) ..................................................9

*Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.,*
 503 U.S. 407 (1992)...........................................................13, 14

*Neitzke v. Williams,*
 490 U.S. 319 (1989)..............................................................4

*Outdoor Power Equip. Inst., Inc. v. Envtl. Prot. Agency,*
 438 F. Supp. 1092 (D.D.C. 1977)...............................................6

*Palmer v. Atlantic Coast Pipeline, LLC,*
 160630, 2017 WL 2982026 (Va. July 13, 2017) ...........................17, 18

*S.W. Ctr. for Biological Diversity v. Fed. Energy Reg. Comm'n,*
 967 F. Supp. 1166 (D. Ariz. 1997) ............................................8

*Sansotta v. Town of Nags Head,*
  724 F.3d 533 (4th Cir. 2013) ..................................................................9

*Schneidewind v. ANR Pipeline Co.,*
  485 U.S. 293 (1988)................................................................................4

*Sea Air Shuttle Corp. v. United States,*
  112 F.3d 532 (1st Cir. 1997)...................................................................8

*Steckman Ridge GP, LLC v. An Exclusive Gas*
 *Storage Easement Beneath 11.78 Acres,*
  No. 08-168, 2008 WL 4346405 (W.D. Pa. Sept. 19, 2008) ...................15

*Terry v. Mountain Valley Pipeline, LLC,*
  Roanoke County Case No. CL17-668 ....................................................17

*Thatcher v. Tenn. Gas Transmission Co.,*
  180 F.2d 644 (5th Cir. 1950) ...........................................................12, 16

*Total Gas & Power N. Am., Inc. v. Fed. Energy Reg. Comm'n,*
  859 F.3d 325 (5th Cir. 2017) .............................................................9, 10

*Town of Dedham v. Fed. Energy Reg. Comm'n,*
  CV 15-12352-GAO, 2015 WL 4274884
  (D. Mass. July 15, 2015)..........................................................................7

*Urban v. Fed. Energy Reg. Comm'n,*
  No. 5:17-cv-1005 (N.D. Ohio Aug. 7, 2017)...........................................6

*USG Pipeline Co. v. 1.74 Acres in Marion County, Tenn.,*
  1 F. Supp. 2d 816 (E.D. Tenn. 1998)................................................15, 16

*Williams v. Mountain Valley Pipeline, LLC,*
  Giles County Case No. CL15000314 .....................................................17

*Williams v. Transcon. Gas Pipe Line Corp.,*
  89 F. Supp. 485 (W.D.S.C. 1950).........................................................17

*Williamson Ctny. Reg'l Planning Comm'n v. Hamilton Bank,*
  473 U.S. 172 (1985)...............................................................................18

*Woodford v. Ngo,*
 548 U.S. 81 (2006) ................................................................................ 11

Federal Statutes and Rules:

15 U.S.C. § 717(a) ................................................................................ 12

15 U.S.C. § 717(b) .................................................................................. 4

15 U.S.C. § 717(c) .................................................................................. 2

15 U.S.C. § 717f(c) ................................................................................. 4

15 U.S.C. § 717f(e) .............................................................................. 2, 5

15 U.S.C. § 717f(h) .............................................................................. 16

15 U.S.C. § 717r(a) ........................................................................... 5, 11

15 U.S.C. § 717r(b) ................................................................. 5, 9, 11, 12

28 U.S.C. § 1331 ................................................................................ 5, 6

Fed. R. Civ. P. 12(b)(1) ..................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) .......................................................... 2, 3, 4, 17

Other:

Constitution of Virginia, Article I, § 11 ............................................. 17

Va. Code § 56-49.01 ....................................................................... 17, 18

Defendant, Mountain Valley Pipeline, LLC ("MVP"), respectfully submits this memorandum in support of its motion to dismiss.

## I.    INTRODUCTION

"FERC has run wild."  ECF No. at 2.  The proposed project is a "government-sanctioned land grab."  *Id.* at 3.  There is a "rush to build" pipelines at a "blistering pace."  *Id.* at 7-8.  "FERC has morphed into judge, jury, and (almost never) executioner."  *Id.* at 8.  "This Court is the only check on FERC's exercise of near absolute power."  *Id.* at 9.

These may be catchy clichés to stick in a press release and generate some headlines, but they are not very useful in a federal complaint, particularly one claiming that the Natural Gas Act, one of the most important energy laws in our nation's history, is unconstitutional.

People have the right to support the project or to oppose it.  Whichever side one is on, however, there is a statutory process for debate, for decision, and for judicial review.  The applicant must file a complete application with detailed information about the project.  An independent federal agency is charged with considering the merits of the project.  Interested parties can intervene or comment.  And after a full review of the issues, the agency makes a decision.  Aggrieved parties then have a specified path of judicial review—through a court of appeals, not a district court.

This complaint asks the Court to bypass the statutory process and block the project before any decision is made, and, at the same time, to invalidate the entire Natural

Gas Act, and, presumably, all the other projects that have been or may be authorized under it.

There are multiple problems with this argument—jurisdiction, ripeness, standing, failure to exhaust administrative remedies, and failure to state a claim, to name the main ones. The appropriate court of appeals has exclusive jurisdiction to review a decision granting or denying a certificate. Until a certificate is issued, a challenge to the project is not ripe, and the challenger lacks standing and has failed to exhaust administrative remedies. These jurisdictional defenses aside, there is not a single case supporting the argument that the Natural Gas Act is unconstitutional. To the contrary, the statute has been regularly enforced and applied since its enactment almost 80 years ago.

Under the Federal Rules, motions to dismiss serve the important purpose of weeding out unsupportable and implausible claims like the ones being asserted in this case. Under the authority of Rule 12(b)(1) and 12(b)(6), the Court should give this case the early dismissal it clearly deserves.

## II. STATEMENT OF THE CASE

MVP has filed an application for a certificate of public convenience and necessity with defendant Federal Energy Regulatory Commission ("FERC"), which is the federal agency responsible for regulating the siting and construction of interstate natural gas pipelines. 15 U.S.C. § 717(c). It is up to FERC to approve or deny the application. 15 U.S.C. § 717f(e).

Plaintiffs describe themselves as landowners "within the path of MVP's proposed . . . pipeline." ECF No. 1 at 3. They seek a preliminary and permanent

Bristol: 708521-1

injunction prohibiting FERC from issuing a certificate to MVP for the project and prohibiting MVP from exercising the power of eminent domain under the Natural Gas Act ("NGA"). ECF No. 1 at 3, 32; ECF No. 4 at 2. The complaint alleges that the FERC certification process is unconstitutional because it does not fairly assess public use (Count One), that Congress's supposed delegation of the power of eminent domain power to FERC is unconstitutional because the delegation "lacks any intelligible principle" (Count Two), and that FERC cannot constitutionally "sub-delegate" the power of eminent domain to MVP (Count Three). ECF No. 1 at 29-31. Finally, the plaintiffs in Virginia allege that MVP's precondemnation surveys constitute a taking of their property (Count Four), *id.* at 31-32, a claim that this Court has previously rejected, *Klemic v. Dominion Transmission, Inc.*, 138 F. Supp. 3d 673, 691-95 (W.D. Va. 2015).

Plaintiffs have made MVP a defendant. Plaintiffs have also sued FERC and its Acting Chair, Cheryl A. LaFleur.

With their complaint, plaintiffs filed a motion for a preliminary injunction. No hearing is set on that motion.

III.   STANDARD OF REVIEW

MVP has moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides for dismissal of an action when subject-matter jurisdiction is lacking. The plaintiffs have the burden of proving jurisdiction. *Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). In turn, this Court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority. *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 102 (D.D.C. 2016).

Bristol: 708521-1

The Court should also dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is intended to spare litigants "needless discovery and factfinding" in actions that are fatally flawed in their legal premises. *Neitzke v. Williams*, 490 U.S. 319 (1989); *see Iacampo v. Hasbro, Inc.*, 929 F. Supp. 562, 567 (D.R.I. 1996) (describing Rule 12(b)(6) motion as "a form of legal triage, a paring of viable claims from those doomed by law."). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The tenet that a court must accept as true the allegations in a complaint does not apply to legal conclusions. *Id.* In the end, the complaint must contain sufficient facts from which the court can conclude that the plaintiffs have shown that they are entitled to relief. *Id.* at 679.

## IV. ARGUMENT

### A. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER COUNTS ONE, TWO, AND THREE

The NGA regulates the interstate transportation and sale of natural gas and the siting and construction of interstate natural gas pipelines. 15 U.S.C. § 717(b) and (f); *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300-01 (1988). Natural gas companies are subject to the exclusive jurisdiction of FERC, and they cannot construct or operate any pipeline facilities until they have received a certificate of public convenience and necessity from FERC. 15 U.S.C. § 717f(c); *Islander E. Pipeline Co., LLC v. Conn. Dep't of Envtl. Prot.*, 482 F.3d 79, 84 (2d Cir. 2006).

4

FERC has promulgated detailed regulations concerning certificate applications. Among other things, an applicant must submit extensive data about the proposed project, its purpose and need. Once the applicant has applied for the certificate, FERC then determines whether the applicant is willing and able to perform the project and whether the project constitutes a "public convenience and necessity." 15 U.S.C. § 717f(e). FERC can approve or deny the application and can "attach to the issuance of the certificate and to the exercise of the rights granted thereunder such reasonable terms and conditions as the public convenience and necessity may require." *Id*.

Parties aggrieved by FERC action can seek review of the agency's decision. First, the party must apply to FERC for a rehearing. 15 U.S.C. § 717r(a). The rehearing request is mandatory. "No proceeding to review any order of the Commission shall be brought by any person, unless such person shall have made application to the Commission for a rehearing thereon." *Id.* A party who remains aggrieved after rehearing may obtain review "in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia." These courts of appeal have "exclusive" jurisdiction. 15 U.S.C. § 717r(b).

Ignoring these provisions, plaintiffs allege jurisdiction under 28 U.S.C. § 1331 on the ground that this action asserts several "questions of constitutionality." ECF No. at 6. There is no jurisdiction under § 1331, however, because Congress has granted exclusive jurisdiction to the courts of appeals under 15 U.S.C. § 717r(b). *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012) (stating that Congress can divest

5

district courts of § 1331 jurisdiction by an exclusive grant of jurisdiction to other courts); *Connors v. Amax Coal Co., Inc.*, 858 F.2d 1226, 1230-31 (7th Cir. 1988) (stating that when exclusive jurisdiction to review administrative determinations is vested in courts of appeals, parties cannot sue in district court under § 1331); *Outdoor Power Equip. Inst., Inc. v. Envtl. Prot. Agency*, 438 F. Supp. 1092, 1093-94 (D.D.C. 1977) (finding no subject matter jurisdiction under § 1331 because more specific jurisdictional provision vested exclusive review in courts of appeals). "Exclusive means exclusive," and the NGA does not permit an aggrieved party to pursue collateral review of a FERC certificate in federal district court. *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010).

Plaintiffs cannot evade the NGA's exclusive review framework by alleging that FERC's certification process is unconstitutional. *Urban v. Fed. Energy Reg. Comm'n*, No. 5:17-cv-1005, Report and Recommendation (N.D. Ohio Aug. 7, 2017); *Lovelace v. United States*, No. 15-cv-30131-MAP, Memorandum and Order (D. Mass. Feb. 18, 2016). In *Urban*, landowners sought to enjoin FERC from approving a pipeline application on the alleged grounds that the taking was not for a public use and that FERC unlawfully delegated its responsibility for safety to another federal agency. Report and Recommendation at 6-17; Motion for Preliminary Injunction at 9; Complaint ¶¶ 94, 95. The magistrate judge recommended that the landowners' motion for a preliminary injunction be denied for lack of subject-matter jurisdiction. Report and Recommendation

Bristol: 708521-1

at 2.  The magistrate judge stated:

> It is clear that 15 U.S.C. § 717r provides an exclusive scheme
> for judicial review of FERC orders, namely, in the circuit
> court of appeals. . . .  Should a Certificate issue, Plaintiffs
> may avail themselves of the review process afforded them
> under the NGA. At that time, Plaintiffs may raise the
> challenges that they raise here, provided of course that
> Plaintiffs first administratively exhaust those challenges
> through FERC's rehearing process.

*Id.* at 9.

In *Lovelace*, No. 15-cv-30131-MAP, landowners sought to enjoin FERC

from approving a pipeline application on the basis that the NGA unconstitutionally

permits the taking of private property without a public use.  The court dismissed the case,

stating:

> [I]t is simply clear beyond dispute that the district court has
> no role in litigation of this kind. The exclusive jurisdiction of
> the Court of Appeals to consider objections to pipeline
> planning, approval, and construction processes would be
> entirely undermined if unhappy parties could come to district
> courts, seeking relief under the Fifth Amendment. Plaintiffs'
> arena to seek consideration for their claims is within the
> administrative process and, ultimately, with the Court of
> Appeals.

Memorandum and Order at 2-3.

Numerous other decisions support this conclusion.  For example, in

*Consolidated Gas Supply Corp. v. Federal Energy Regulatory Commission*, 611 F.2d 951

(4th Cir. 1979), the Fourth Circuit vacated the district court's order enjoining FERC from

continuing an administrative hearing.  *Id.* at 957-58.  The court explained that "there is no

area of review, whether relating to final or preliminary orders" available in district courts.

*Id.* at 957.  The court rejected the argument that "preliminary matters" that had not yet culminated in final agency action are within the jurisdiction of district courts.  *Id.* at 957-58.

In *American Energy*, the Sixth Circuit held that the district court lacked jurisdiction over claims for an injunction and declaratory relief associated with a certificate authorizing construction of a natural gas pipeline.  622 F.3d at 605.  The court made "short work" of the plaintiff's attempt to "sidestep" the NGA's exclusive judicial review procedure.  *Id.*

In *Town of Dedham v. Federal Energy Regulatory Commission*, CV 15-12352-GAO, 2015 WL 4274884, at *2 (D. Mass. July 15, 2015), FERC issued a certificate, and the plaintiff requested an injunction to stay pipeline construction pending FERC's decision of the plaintiff's request for a rehearing.  The district court dismissed the case for lack of subject-matter jurisdiction.  *Id.*

Decisions involving analogous jurisdictional statutes further confirm that jurisdiction does not exist in this case.  *E.g., Maine Council of Atl. Salmon Fed'n v. Nat'l Marine Fisheries Serv. (NOAA Fisheries)*, 858 F3d 690, 693 (1st Cir. 2017) (holding that jurisdiction of courts of appeals under Federal Power Act is exclusive not only to review terms of FERC order, but over any issue "inhering in the controversy"); *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 535 (1st Cir. 1997) ("It is well established that the exclusive jurisdiction given to the courts of appeals [under the Federal Aviation Act] also extends to lawsuits alleging FAA delay in issuing final orders."); *S.W. Ctr. for Biological Diversity v. Fed. Energy Reg. Comm'n*, 967 F. Supp. 1166, 1172-75 (D. Ariz. 1997)

Bristol: 708521-1

(dismissing action for declaratory judgment and injunction against FERC for alleged violation of environmental laws because courts of appeals have exclusive jurisdiction under Federal Power Act).

Because plaintiffs' claims fall within the NGA's review provision vesting exclusive jurisdiction in a court of appeals, this Court lacks subject-matter jurisdiction.

## B. PLAINTIFFS' CLAIMS ARE NOT RIPE

Subject-matter jurisdiction is also lacking because MVP's pipeline application is still pending, and plaintiffs' claims are not ripe. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) (stating that ripeness is a question of subject matter jurisdiction).

The doctrine of ripeness is drawn both from Article III limitations and prudential considerations. *Id.*, 724 F.3d at 545. It separates those matters that are "premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Nat'l Rifle Ass'n of Am. v. MaGaw*, 132 F.3d 272, 280 (6th Cir. 1997). The NGA codifies this doctrine by limiting judicial review to parties "aggrieved by an order issued by the Commission." 15 U.S.C. § 717r(b). Consequently, issues that remain pending before FERC are unripe as a matter of law. *E.g., Moreau v. Fed. Energy Reg. Comm'n.*, 982 F.2d 556, 567 (D.C. Cir. 1993); *Louisiana Power & Light Co. v. Federal Power Comm'n*, 526 F.2d 898, 910 (5th Cir. 1976).

In *Total Gas & Power North America, Inc. v. Federal Energy Regulatory Commission*, 859 F.3d 325 (5th Cir. 2017), the company sought a declaratory judgment that the Constitution prohibited FERC from adjudicating NGA violations and imposing

Bristol: 708521-1

civil penalties. Total did not allege an existing injury, but argued that FERC may cause a constitutional violation in the future by scheduling a hearing and assessing penalties. *Id*. at 335-37. The Fifth Circuit held that Total's claims were not ripe and affirmed the dismissal of the action. *Id*. at 335, 339 ("If and when FERC conclusively determines that Total has violated the NGA and imposes civil penalties against it, Total can raise all the arguments it now raises to challenge FERC's jurisdiction." "Total's suit is thus not ripe and the district court did not err in dismissing it on justiciability grounds.").

As in *Total*, plaintiffs' claims are predicated on possible future events and are, therefore, not ripe. *Klemic*, 138 F. Supp. 3d at 684 (stating that a claim is not ripe for adjudication if it rests upon contingent future events that may not occur).

## C.   PLAINTIFFS LACK STANDING

Subject-matter jurisdiction is also lacking because plaintiffs are without standing. *See Miller v. Brown*, 462 F.3d 312, 316 (4th 2006) (stating that standing is part of case and controversy requirement).

To establish standing, plaintiffs must show that they have suffered an "injury in fact" that is fairly traceable to action by FERC. *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000). The injury in fact must involve "an invasion of a legally protected interest, which is concrete and particularized, as well as actual or imminent." *Id*. No certificate has been issued, and plaintiffs' allegations of possible future harm from a certificate are too speculative to constitute an injury in fact. *E.g., Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 401-02 (2013) (stating that allegations of possible future injury are not sufficient to establish

standing and plaintiffs "cannot manufacture standing by choosing to make expenditures based on hypothetical future harm").

### D. PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

The complaint should also be dismissed because plaintiffs have not exhausted their administrative remedies under the NGA. *See DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 79 (2d Cir. 1992) ("Failure to exhaust administrative remedies permits a court to dismiss the action because no subject matter jurisdiction exists.").

The doctrine of exhaustion provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). The obligation to exhaust is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The NGA provides a comprehensive administrative process that must be exhausted before a party can resort to the federal courts of appeals:

> Any person . . . aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person . . . is a party may apply for a rehearing within thirty days after the issuance of such order. . . . Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. . . . No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon.

15 U.S.C. § 717r(a)

> Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the [appropriate] court of

Bristol: 708521-1

> appeals . . . No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do.

15 U.S.C. § 717r(b); *see Fuel Safe Washington v. Fed. Energy Reg. Comm'n*, 389 F.3d 1313, 1320 (10th Cir. 2004) (stating that NGA reflects policy that a party must exhaust its administrative remedies before seeking judicial review).

Because plaintiffs have not exhausted their remedies under the NGA, their complaint must be dismissed.

E.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM
      UPON WHICH RELIEF CAN BE GRANTED

*1.    Count One*

FERC has not yet determined whether to grant a certificate to MVP, but, in Count One, plaintiffs anticipate that FERC will apply a Statement of Policy that was issued on September 15, 1999.  ECF No. 1 at 23-26, 29-30.  Plaintiffs contend that any application of the Statement of Policy will result in a violation of the Fifth Amendment. *Id*.  The Statement of Policy is attached to the Complaint as ECF No. 1-1.

Under the Fifth Amendment, the taking of private property need only serve some "public purpose."  *Kelo v. City of New London*, 545 U.S. 469, 479-80 (2005). "Without exception," the Supreme Court has "defined that concept broadly, reflecting [its] longstanding policy of deference to legislative judgments in this field."  *Id*. at 480. This Court should, likewise, give deference to the NGA, in which Congress "declared that the business of transporting and selling natural gas for ultimate distribution to the

12

public is affected with a public interest." 15 U.S.C. § 717(a); s*ee Midcoast Interstate Transmission, Inc. v. Fed. Energy Reg. Comm'n*, 198 F.3d 960, 973 (D.C. Cir. 2000) ("[B]ecause, in issuing the certificate to Southern, the Commission has explicitly declared that the North Alabama Pipeline will serve the public convenience and necessity, we hold that the takings complained of served a public purpose."); *Thatcher v. Tenn. Gas Transmission Co.*, 180 F.2d 644, 648 (5th Cir. 1950) (holding that NGA declared interstate natural gas pipelines "a public business and subjected to public control" and did not provide for "the taking of private property for a private use"); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cty., W. Va.*, 145 F. Supp. 3d 622, 631 (N.D. W. Va. 2015) ("Congress concluded that the taking of rights-of-way to build natural gas pipelines is a public use, as it furthers the public interest in 'the business of transporting and selling natural gas for the ultimate distribution to the public.'"); *see also E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 830 (4th Cir. 2004) ("Congress passed the Natural Gas Act and gave gas companies condemnation power to insure that consumers would have access to an adequate supply of natural gas at reasonable prices.").

      The public use requirement of the Fifth Amendment "is coterminous with the regulatory power," and courts should "not strike down a condemnation on the basis that it lacks a public use so long as the taking 'is rationally related to a conceivable public purpose.'" *Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 422 (1992) (quoting *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 241 (1984)). Therefore, a court's role in reviewing public use is extremely narrow:

Bristol: 708521-1

[A]s long as the condemning authorities were rational in their positions that some public purpose was served . . . [t]hat suffices to satisfy the Constitution, and we need not make a specific factual determination whether the condemnation will accomplish its objectives.

*Id*. at 422-23.

The Statement of Policy easily passes the test. The Policy sets out the "analytical steps the Commission will use . . . to balance the public benefits against the potential adverse consequences." ECF No. 1-1 at 18. First, FERC will determine "whether the project can proceed without subsidies from their existing customers." *Id*. Then, it will determine what efforts have been made to eliminate or minimize adverse effects on existing customers, existing pipelines and their customers, and "landowners and communities affected by the route of the new pipeline." *Id*. If adverse effects are identified, FERC "will proceed to evaluate the project by balancing the evidence of public benefits to be achieved against the residual adverse effects." *Id*. at 19. Finally, FERC will consider environmental impacts. *Id*.

FERC's Statement of Policy provides a rational framework for determining whether a proposed pipeline serves a public purpose. And that "suffices to satisfy the Constitution." *Nat'l R.R. Passenger Corp.,* 503 U.S. at 422-23. Indeed, the Statement of Policy goes further than the Constitution requires, allowing the FERC to deny a certificate if adverse impacts outweigh public benefits. For these reasons, Count One should be dismissed.

Bristol: 708521-1

## 2. Counts Two and Three

Counts Two and Three challenge the constitutionality of the NGA. Count Two alleges that Congress's delegation of the power of eminent domain to FERC is "overly broad," and Count Three alleges that FERC cannot "sub-delegate" the power of eminent domain to MVP by issuing a certificate. ECF No. 1 at 30-31.

These claims are based on an incorrect premise. Congress has not delegated the power of eminent domain to FERC. Rather, the NGA delegated the power of eminent domain to natural gas companies. *Sage*, 361 F.3d at 830 ("Congress passed the Natural Gas Act and gave gas companies condemnation power to insure that consumers would have access to an adequate supply of natural gas at reasonable prices."); *Columbia Gas Transmission, LLC v. 252.071 Acres More or Less*, CV ELH-15-3462, 2016 WL 1248670, at *17 (D. Md. Mar. 25, 2016) (stating that NGA gives condemnation power to gas companies); *Equitrans, L.P.*, 145 F. Supp. 3d at 630 (stating that, in NGA, "Congress constitutionally delegated the right to condemn to private licensees"); *Gas Transmission N.W., LLC v. 15.83 Acres of Perm. Easement More or Less, Located in Morrow County*, 126 F. Supp. 3d 1192, 1200 (D. Or. 2015) (stating that Congress gave gas companies condemnation power); *Columbia Gas Transmission, LLC v. 76 Acres More or Less*, CIV.A. ELH-14-0110, 2014 WL 2960836, at *8 (D. Md. June 27, 2014) ("Congress has seen fit to delegate [eminent domain] power to private entities so that those entities can provide natural gas to the public."), *aff'd in part and vacated in part on other grounds and remanded*, 15-2547, 2017 WL 2983908 (4th Cir. July 13, 2017); *Steckman Ridge GP, LLC v. An Exclusive Gas Storage Easement Beneath 11.78*

*Acres*, No. 08-168, 2008 WL 4346405, at *7 (W.D. Pa. Sept. 19, 2008) (stating that, in

NGA, Congress granted condemnation power to gas companies); *USG Pipeline Co. v.

1.74 Acres in Marion County, Tenn.*, 1 F. Supp. 2d 816, 818 (E.D. Tenn. 1998)

("Congress granted to holders of [FERC] certificates . . . the right of eminent domain for

construction of pipelines for the transportation of natural gas."); *Florida Gas

Transmission Co. v. 9.854 Acre Nat. Gas Transmission Pipeline Easement*, 96-14083

CIV, 1998 WL 2018164, at *9 (S.D. Fla. June 15, 1998) (stating that gas company "was

delegated the federal power of eminent domain by Congress in the NGA").

  In the NGA, Congress delegated to the FERC *regulatory authority* over

natural gas and natural gas companies.  *E.g., Columbia Gas Transmission, LLC v. 171.54

Acres of Land, More or Less, in Fairfield, Hocking, Monroe, Morgan, Muskingum,

Noble, Perry, and Vinton Cntys. Ohio*, No. 2:17-CV-70, 2017 WL 838214, at *5 (S.D.

Ohio Mar. 3, 2017); *USG Pipeline Co.*, 1 F. Supp. 2d at 818.  FERC is not subdelegating

the power of eminent domain to MVP or to other natural gas companies that receive

certificates.

  It is well-established that Congress's delegation of the power of eminent

domain to gas companies in the NGA does not violate the United States Constitution.

*Sage*, 361 F.3d at 821 (stating that Congress may, as it did in the NGA, grant

condemnation power to private corporations); *Thatcher,* 180 F.2d at 647-48 (holding that

Congress's delegation of  power of eminent domain to gas companies through NGA is

constitutional); *Columbia Gas*, 2014 WL 2960836, at *8 ('[T]he Constitution vests

Congress with the power of eminent domain, and Congress has seen fit to delegate that

power to private entities so that those entities can provide natural gas to the public. It is not the Court's place to second-guess the wisdom of Congress in providing private entities with that power."); *Equitrans, L.P.,* 145 F. Supp. 3d at 630 ("Congress constitutionally delegated the right to condemn to private licensees under § 717f(h)." ); *Williams v. Transcon. Gas Pipe Line Corp.*, 89 F. Supp. 485, 487 (W.D.S.C. 1950) ("Congress [may] constitutionally bestow the right of condemnation upon such private licensees as have been charged with the development of the national policy as to the interstate movement of natural gas.").

Consequently, Counts Two and Three should be dismissed for failure to state a claim under Rule 12(b)(6).

### 3. *Count Four*

Count Four alleges that MVP's "surveying activities" pursuant to Virginia Code § 56-49.01 "constitute an unlawful taking under the Fifth Amendment to the United States Constitution" and "Article I, § 11 of the Virginia Constitution." ECF No. 1 at 31-32. Every court that has considered this argument has rejected it.

In *Palmer v. Atlantic Coast Pipeline, LLC*, 801 S.E.2d 414 (Va. 2017), the Supreme Court of Virginia held that Article I, § 11 of the Constitution of Virginia does not allow landowners to bar pipeline companies from surveying pursuant to § 56-49.01. *Id*. at 418-20.

In *Williams v. Mountain Valley Pipeline, LLC*, Giles County Case No. CL15000314, landowners alleged that § 56-49.01 violated the taking clauses of the United States and Virginia Constitutions. The court upheld the statute against all

challenges and dismissed the case. Thereafter, the Supreme Court of Virginia refused the landowners' petition for appeal. Order dated March 7, 2016 (copy attached as Exhibit 1).

Likewise, in *Terry v. Mountain Valley Pipeline, LLC*, Roanoke County Case No. CL17-668, the circuit court granted a temporary injunction requiring landowners to allow MVP's to survey their property pursuant to § 56-49.01. The landowners petitioned the Supreme Court of Virginia for review, arguing that § 56-49.01 violates the takings clauses of the Virginia and federal constitutions. The Supreme Court of Virginia denied the petition for review. Order dated July 17, 2017 (copy attached as Exhibit 2).

In *Klemic*, 138 F. Supp. 3d 673, this Court dismissed the landowners' suit challenging the pipeline company's rights under § 56-49.01. The Court found that surveying pursuant to § 56-49.01 does not constitute a compensable taking under either the Virginia Constitution or the United States Constitution. *Id.* at 691-95. The landowner initially filed an appeal to the Fourth Circuit. Case 3:14-cv-41, ECF No. 50. That court stayed proceedings pending the decision of *Palmer* and directed the parties to notify the court immediately when *Palmer* was decided. *Id.*, ECF No 53. *Palmer* was decided on July 13, 2017. 801 S.E.2d 414. Eleven days later, the Fourth Circuit granted the landowners' motion to voluntarily dismiss his appeal. *Id.*, ECF No 54.

Finally, to the extent that plaintiffs contend that MVP has appropriated property under the Virginia survey statute, plaintiffs do not allege that they have pursued and been denied a remedy under state law. *Williamson Ctny. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985).

18

Consequently, Count Four should also be dismissed.

V.    CONCLUSION

Plaintiffs have filed this case in the wrong court at the wrong time.

Challenges involving FERC proceedings must be brought in the appropriate court of

appeals after a certificate is issued.  This Court lacks jurisdiction over Counts One, Two,

and Three, and none of the counts states a claim upon which relief can be granted.  The

complaint should be dismissed.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Wade W. Massie
 VSB No. 16616
Mark E. Frye
 VSB No. 32258
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
wmassie@pennstuart.com
mfrye@pennstuart.com
sland@pennstuart.com

By  /s/ Wade W. Massie
     Wade W. Massie

19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

_____/s/ *Wade W. Massie*_____
Wade W. Massie

Bristol: 708521-1