**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| Orus Ashby Berkley, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 7:17-cv-00357-EKD |
| | ) | |
| v. | ) | Judge Elizabeth K Dillon |
| | ) | |
| Mountain Valley Pipeline, LLC, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO DISMISS COMPLAINT FOR LACK OF
SUBJECT MATTER JURISDICTION**

David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

Beth G. Pacella (MA Bar No. 553554)
Deputy Solicitor

Federal Energy Regulatory Commission
888 First St., NE
Washington, D.C. 20426

August 31, 2017

# INTRODUCTION

The complaint filed by Plaintiffs Orus Ashby Berkley, *et al.* (collectively, "Plaintiffs") asks this Court to preemptively resolve issues pending in an ongoing proceeding before the Federal Energy Regulatory Commission ("FERC" or "Commission").  In the pending FERC proceeding, Defendant Mountain Valley Pipeline, LLC ("Mountain Valley") seeks a certificate of "public convenience and necessity" under the Natural Gas Act, 15 U.S.C. § 717f (the "Act"), to construct and operate a natural gas pipeline in West Virginia and Virginia.  FERC staff recently prepared an Environmental Impact Statement regarding the application, but the Commission has not yet acted on the application's merits.

The Act entrusts the Commission with exclusive authority to determine whether a natural gas pipeline should be certificated; the Commission has not yet made that determination here. The Act also vests exclusive jurisdiction in the United States Courts of Appeals to review final Commission orders and all matters inhering in pipeline certificate proceedings.  Every court that has addressed the issue has interpreted the Act's exclusive jurisdiction provision to bar district courts from granting injunctive or declaratory relief relating to ongoing FERC certificate proceedings.  As the courts recognize, to the extent a party finds it necessary to seek immediate, extraordinary relief prior to the conclusion of FERC proceedings, that relief must be sought from the Commission itself or from a court of appeals.  Contrary to Plaintiffs' contentions, there is no basis for proceeding in this Court.

The complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiffs seek relief in the wrong court at the wrong time.  Specifically, the Natural Gas Act vests exclusive jurisdiction in the courts of appeals regarding all matters

inhering in FERC pipeline certificate proceedings; Plaintiffs have not exhausted their administrative remedies; and the matter is not yet ripe for judicial intervention.

## BACKGROUND

### I.     Statutory And Regulatory Background

FERC is an independent regulatory commission comprising up to five members appointed by the President, with the advice and consent of the U.S. Senate. *See* Department of Energy Organization Act, 42 U.S.C. § 7171(a)-(b) (establishing the Commission and transferring authority to it). Under various statutes, the Commission regulates the interstate transmission and wholesale sale of electricity and natural gas, and licenses the construction and operation of hydropower projects and natural gas pipelines and infrastructure. As relevant here, the Natural Gas Act confers on the Commission "exclusive jurisdiction" over the "transportation and sale of natural gas in interstate commerce." *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300-301 (1988). The Natural Gas Act is a comprehensive scheme of federal regulation. *Id.* at 300.

Section 7 of the Act, 15 U.S.C. § 717f, sets out the process for natural gas companies to obtain a certificate authorizing the construction, extension, or abandonment of natural gas facilities, including pipeline facilities. The Commission may issue a certificate only if it finds the proposed facility "is or will be required by the present or future public convenience and necessity." *Id.* § 717f(e).

### II.     Procedural Background

In October 2015, Mountain Valley submitted an application under the Natural Gas Act, 15 U.S.C. § 717f(c), to construct, own, and operate a new natural gas pipeline system to transport gas to markets in the mid-Atlantic, southeastern, and Appalachian region. Application, FERC

Docket No. CP16-10 (Accession No. 20151023-5035) (describing proposed pipeline project).[1] Numerous interested parties, including a number of the Plaintiffs here, intervened in the Commission proceeding and/or submitted comments on the application to the Commission.

When Mountain Valley filed the application, FERC's Office of Energy Projects ("Projects staff") initiated an environmental review process, in accordance with the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq*., to study the potential impact of the proposed pipeline. On September 16, 2016, after review and study, Projects staff prepared a draft Environmental Impact Statement. Draft Environmental Impact Statement, FERC Docket No. CP16-10. Release of the draft Environmental Impact Statement initiated a significant process of public review and comment regarding the Mountain Valley project and its potential environmental impacts.

The draft Environmental Impact Statement assessed the potential environmental effects of construction and operation of the proposed project. *Id.* at 1. The U.S. Department of Agriculture Forest Service, U.S. Army Corps of Engineers, U.S. Environmental Protection Agency, U.S. Department of Interior Bureau of Land Management, U.S. Department of Transportation, West Virginia Department of Environmental Protection, and West Virginia Division of Natural Resources participated as cooperating agencies in the preparation of the draft Environmental Impact Statement. *Id.* at 1-1 to 1-2 (explaining that the cooperating federal agencies "provided input," but would present their own separate conclusions and recommendations). Among other things, the draft Environmental Impact Statement assessed alternative routes for the proposed pipeline project. *Id.* at 3-1 to 3-90.

---

[1] Filings in FERC proceedings are available on FERC's website, at https://www.ferc.gov/docs-filing/elibrary.asp.

Projects staff then conducted a series of public comment meetings regarding the proposed project. *See* Final Environmental Impact Statement, FERC Projects Staff, FERC Docket No. CP16-10, at ES-3 (June 2017). In addition to taking oral comments (transcripts of which are available in the FERC docket), FERC staff received written comments from numerous entities and individuals and communicated with various agencies.

On June 23, 2017, Projects staff released the Final Environmental Impact Statement for the proposed project. The Final Environmental Impact Statement contains Projects staff's recommendations, including specific proposed mitigation measures. Final Environmental Impact Statement at ES-18. Projects staff recommended that its proposed mitigation measures be attached as conditions to any authorization. *Id.* at 5-17. As the FERC docket reflects, numerous entities and individuals have filed additional comments since Projects staff released the Final Environmental Impact Statement. In fact, comments continued to be filed as of August 23, 2017.

The Commission has not yet acted on Mountain Valley's application.

## ARGUMENT

A court must dismiss a complaint if it lacks subject matter jurisdiction to adjudicate the dispute. Fed. R. Civ. P. 12(h)(3). Plaintiffs have the burden to establish the Court's jurisdiction. *Demetres v. East West Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). Plaintiffs cannot satisfy that burden here.

## I.     The Natural Gas Act Vests Exclusive Jurisdiction in the Courts of Appeals

The Natural Gas Act prescribes specific procedures a party must follow to challenge Commission action regarding a pipeline certificate application. *Am. Energy Corp. v. Rockies Express Pipeline LLC*, 622 F.3d 602, 605 (6th Cir. 2010) (citing Natural Gas Act sections 19(a)

and (b), 15 U.S.C. §§ 717r(a) and (b)).  First, once the Commission issues an order on a pipeline certificate request, an aggrieved party must seek rehearing before the Commission.  15 U.S.C. § 717r(a).  If the Commission denies rehearing, an aggrieved party "may obtain a review of such order in the court of appeals."  15 U.S.C. § 717r(b).  The court of appeals then "has 'exclusive' jurisdiction 'to affirm, modify, or set aside such order in whole or in part.'"  *American Energy*, 622 F.3d at 605 (quoting 15 U.S.C. § 717r(b)).

As the Fourth Circuit has found, "[s]ection 19(b) of the Natural Gas Act , 15 U.S.C. § 717r(b), vests exclusive jurisdiction to review all decisions of the Commission in the circuit court of appeals; there is no area of review, whether relating to final or preliminary orders, available in the district court.  And, this has been the uniform construction given the statute."  *Consol. Gas Supply Corp. v. FERC*, 611 F.2d 951, 957 (4th Cir. 1979) (internal citation omitted); *see also id.* at 958 (same); *Halifax Cty., Va. v. Lever*, 718 F.2d 649, 652-53 (4th Cir. 1983) (finding same for virtually identical Federal Power Act section 313, 16 U.S.C. § 825*l*);[2] *American Energy*, 622 F.3d at 605 ("Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court."); *Williams Nat. Gas Co. v. City of Okla. City*, 890 F.2d 255, 261 (10th Cir. 1989) ("As the statutory language plainly states, the special judicial review provisions of [Natural Gas Act] section 19 are exclusive."); *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998) ("Under the statutory framework, there is

---

[2] Because relevant provisions of the Natural Gas Act and Federal Power Act, both administered by the Commission, "are in all material respects substantially identical," it is "established practice" to cite "interchangeably decisions interpreting the pertinent sections of the two statutes."  *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577 n.7 (1981) (citations omitted); *see also PPL EnergyPlus, LLC v. Nazarian*, 753 F.3d 467, 475 (4th Cir. 2014) (same), *aff'd sub nom. Hughes v. Talen Energy Mktg., LLC*, 136 S. Ct. 1288 (2016); *Williams*, 890 F.2d at 261 (noting that Natural Gas Act section 19 is "nearly identical" to Federal Power Act section 313).

5

no appeal of a FERC decision save to the appropriate Court of Appeals. Disputes as to the propriety of FERC's proceedings, findings, orders, or reasoning, must be brought to FERC by way of request for rehearing. Appeals may thereafter be brought before a U.S. Court of Appeals only.") (internal citations omitted).

"The Supreme Court has made it clear that the jurisdiction provided by [FERC-administered Federal Power Act section 313(b), 16 U.S.C.] section 825*l*(b)," which is substantively identical to Natural Gas Act section 19(b), "is 'exclusive,' not only to review the terms of the specific FERC order, but over any issue 'inhering in the controversy.'" *Me. Council of Atlantic Salmon Fed'n v. Nat. Res. Council of Me.*, 858 F.3d 690, 693 (1st Cir. 2017) (Souter, J. (ret.), sitting by designation) (quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). *See also Williams*, 890 F.2d at 262 (court "would be hard pressed to formulate a doctrine with a more expansive scope" than section 717r(b), which "preclude[s] *de novo* litigation between the parties of *all issues inhering in the controversy*") (quoting *Tacoma*, 357 U.S. at 336) (emphasis added by court). Thus, the Natural Gas Act's exclusive jurisdiction provision applies to any decision by the Commission as well as to actions seeking to enjoin Commission action under that Act.

In *Consolidated Gas*, 611 F.2d at 958, therefore, the Fourth Circuit found that "the district court was without jurisdiction to interfere with the Commission's proceedings through the issuance of an injunction." In that case, a natural gas company sought an injunction to prevent the Commission from continuing an administrative proceeding pending the company's challenge to a Commission show cause order. The Court rejected the district court's "assum[ption] that 'preliminary matters' arising in proceedings before the Commission under the Natural Gas Act were excluded by the Act from review by the circuit courts of appeals and were

6

by implication within the jurisdiction of the district court." *Id.* at 957-58. *See also American Energy*, 622 F.3d at 605 (making "short work" of plaintiff's efforts to "sidestep" the Natural Gas Act's exclusive judicial review scheme by seeking injunctive and declaratory relief in district court); *Williams*, 890 F.2d at 262-63 (judicial review of "all issues inhering in the controversy" before FERC is confined to the courts of appeals because "coherence and economy are best served if all suits pertaining to designated agency decisions are segregated in particular courts") (internal citation omitted).[3]

Recently, in a case strikingly similar to the one here, a Massachusetts district court dismissed a complaint asserting "that a portion of the Natural Gas Act is unconstitutional because it permits taking private property by eminent domain in a manner that does not serve the public use." *Lovelace v. U.S.*, No. 15-cv-30131, at 1 (D. Mass. issued Feb. 18, 2016) (internal citation omitted) (attached). The plaintiffs there sought preemptive "injunctive relief declaring a portion of the Natural Gas Act unconstitutional and enjoining any federal agencies from considering approval of the pipeline." *Id.* at 1-2. The defendant moved to dismiss for lack of subject matter jurisdiction because the courts of appeals had exclusive jurisdiction over the

---

[3] *See also Town of Dedham v. FERC*, No. 15-12352, 2015 WL 4274884, *2 (D. Mass. July 15, 2015) (finding district court lacked subject matter jurisdiction to enjoin construction of pipeline pending Commission consideration of rehearing request); *Hunter v. FERC*, 569 F. Supp. 2d 12, 15 (D.D.C. 2008) (dismissing declaratory judgment action against the Commission for lack of subject matter jurisdiction because claim was "so intertwined" with FERC order that it "must be construed as an attack" on the order itself); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003) (finding district court lacked subject matter jurisdiction over action seeking to recuse two commissioners because plaintiff "in essence" sought district court review of Commission order in contravention of courts of appeals' exclusive jurisdiction); *Sw. Center for Biological Diversity v. FERC*, 967 F. Supp. 1166, 1172 (D. Ariz. 1997) (dismissing motion for preliminary injunction against FERC because court lacked subject matter jurisdiction to consider claim "no matter how artfully pleaded"); *Steamboaters v. FERC*, 572 F. Supp. 329 (D. Or. 1983) (dismissing motion for preliminary injunction against project construction because court would "necessarily have to review the various substantive and procedural errors charged by the Plaintiff" in contravention of the courts of appeals' "exclusive jurisdiction").

7

matter, the plaintiffs had failed to exhaust their administrative remedies, and for lack of ripeness. The district court granted the defendant's motion on all three grounds. *Id.* at 2-3.

On the issue of the courts of appeals' exclusive jurisdiction, the court noted that "it is well established that the Natural Gas Act 'forecloses judicial review of a FERC certificate in district court.'" *Id.* at 2 (quoting *Dedham*, 2015 WL 4274884, *1; citing *American Energy*, 622 F.3d at 605, and *Williams*, 890 F.2d at 262). The court found that "it is simply clear beyond dispute that the district court has no role in litigation of this kind. The exclusive jurisdiction of the Court of Appeals to consider objections to pipeline planning, approval, and construction processes would be entirely undermined if unhappy parties could come to district courts, seeking relief under the Fifth Amendment." *Id.* at 2-3. Instead, the court found, "[p]laintiffs' arena to seek consideration for their claims is within the administrative process and, ultimately, with the Court of Appeals." *Id.* at 3. The same is true of Plaintiffs' virtually identical claim here.

While injunctive relief is not available in this Court, after the Commission issues an order on Mountain Valley's application, aggrieved parties to the Commission proceeding can seek agency rehearing under the ordinary process established in Natural Gas Act section 19(a), 15 U.S.C. § 717r(a). Moreover, if they believe they can establish extraordinary circumstances, aggrieved parties can seek a Commission stay of the order granting the certificate and, if the Commission were to deny that request, those parties can seek a stay or other extraordinary relief from a court of appeals. *See* Natural Gas Act section 19(c), 15 U.S.C. § 717r(c);[4] *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998) ("The [Act]

---

[4] 15 U.S.C. § 717r(c) provides that: "The filing of an application for rehearing under subsection (a) of this section shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order. The commencement of proceedings under subsection (b) of this section [i.e., an aggrieved party's filing of a petition for review in the court of appeals] shall not, unless specifically ordered by the court, operate as a stay of the Commission's order."

8

itself directs that an order by FERC not be stayed unless either FERC itself -- in the context of a rehearing -- or the reviewing Court of Appeals specifically orders a stay."); *Dedham*, 2015 WL 4274884, at *2 (finding it "not within the enforcement authority given to the district courts" to stay pipeline construction); *Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less*, 749 F. Supp. 427, 431 (D.R.I. 1990) ("Rather than seeking relief from this Court, [the aggrieved party's] only remedy is to ask for a stay from the Commission or from the Court of Appeals."); *see also In re City of Va. Beach*, 42 F.3d 881, 884 (4th Cir. 1994) ("Under the All Writs Act, [the court of appeals] ha[s] the power to issue 'all writs necessary or appropriate in aid of [its] . . . jurisdiction[],' 28 U.S.C. § 1651(a), and because [the court of appeals] ha[s] exclusive jurisdiction of petitions for final review of FERC decisions, [it] ha[s] jurisdiction to consider interlocutory relief") (omission by court); *Dedham*, 2015 WL 4274884, at *2 (a party aggrieved by the Commission's initial approval order can seek immediate ancillary relief from a court of appeals "in aid of its future jurisdiction" under the All Writs Act).

The Natural Gas Act provides district courts limited jurisdiction to hold eminent domain proceedings, if necessary, after FERC issues an order granting a certificate of public convenience and necessity. *See* 15 U.S.C. § 717f(h).[5] An eminent domain proceeding, however, "does not provide challengers with an additional forum to attack the substance and validity of a FERC order." *Williams*, 890 F.2d at 264; *see also Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa Cty.*, 550 F.3d 770, 778 n.9 (9th Cir. 2008) (same); *Columbia Gas Transmission v. 76 Acres More or Less*, No. ELH-14-110, 2014 WL 2919349, at *3 n.3 (D. Md.

---

[5] 15 U.S.C. § 717f(h) provides that: "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line . . . it may acquire the same by the exercise of eminent domain in the district court of the United States for the district in which such property may be located . . . ."

June 25, 2014) ("Although the Fourth Circuit has never ruled on this particular issue, federal courts across the country have recognized that FERC certificates are immune from collateral attack, as the propriety of FERC's findings and conditions is not subject to review.") (citing, *e.g.*, *Transwestern*, 550 F.3d at 778 n.9; *Williams*, 890 F.2d at 262). "The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Williams*, 890 F.2d at 264; *see also Transwestern*, 550 F.3d at 778 n.9 (same).

Plaintiffs assert that this court has subject matter jurisdiction over the complaint pursuant to 28 U.S.C. § 1331. Complaint at 6. The Supreme Court has explained, however, that federal-question jurisdiction under 28 U.S.C. § 1331 does not apply where, as here, "Congress divests federal courts of their [section] 1331 adjudicatory authority." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012). As already discussed, the Natural Gas Act vests exclusive jurisdiction in the courts of appeals to address all issues inhering in FERC certificate proceedings. This more specific grant of exclusive jurisdiction supersedes the more general grant of authority in 28 U.S.C. § 1331. *See Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 990 (4th Cir. 1990); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 914 (E.D. Va. 1994) (same); *Media Access Project v. FCC*, 883 F.2d 1063, 1067 (D.C. Cir. 1989) (when two jurisdictional statutes provide for different means of judicial review, courts must apply the more specific legislation); *Outdoor Power Equip. Inst., Inc. v. EPA*, 438 F. Supp. 1092, 1093-94 (D.D.C. 1977) ("whether this Court has jurisdiction to review the administrative action at issue does not turn on whether the subject matter of this dispute comes within the broad jurisdictional

10

coverage of 28 U.S.C. § 1331. . . . Rather, the question . . . is whether a more specific jurisdictional provision divests this Court of jurisdiction").[6]

In short, an unbroken line of precedent, here and elsewhere, requires that the complaint be dismissed. The courts of appeals have exclusive jurisdiction to address all matters inhering in pipeline certificate application proceedings. District courts have no jurisdiction to intervene in FERC pipeline certificate proceedings, final or otherwise.

## II. Plaintiffs Have Failed To Exhaust Their Administrative Remedies

Alternatively, the complaint should be dismissed because the Plaintiffs have not exhausted their administrative remedies. "The doctrine of exhaustion of administrative remedies[, which] is well established in the jurisprudence of administrative law[,] . . . provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (internal quotation marks and citation omitted).

The Natural Gas Act provides a specific process parties must exhaust before they can resort to the courts of appeals. First, after the Commission issues an order addressing Mountain Valley's application, an aggrieved party's initial recourse is to seek Commission rehearing. 15 U.S.C. § 717r(a) (a party aggrieved by a Commission order may seek Commission rehearing of that order; "[n]o proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon."); *Halifax Cty.*, 718 F.2d at 652 ("proper remedy" if dissatisfied with a Commission order is "to petition for a rehearing by the Commission as provided and mandated by the Act").

---

[6] The general jurisdictional language contained in 15 U.S.C. § 717u does not confer jurisdiction on a district court either. *See, e.g.*, *Dedham*, 2015 WL 4274884, at *2 (section 717u "is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts").

11

The rehearing petition must set forth specifically all grounds on which rehearing is based. 15 U.S.C. § 717r(a).

If the Commission denies rehearing, an aggrieved party "may obtain a review of such order in the court of appeals." 15 U.S.C. § 717r(b). "No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure to do so." *Id.* The Fourth Circuit has explained that this requirement is "based on the 'time-honored doctrine of exhaustion of administrative remedies.'" *N.C. Utils. Comm'n v. FERC*, 741 F.3d 439, 448 (4th Cir. 2014) (quoting *Consol. Gas*, 611 F.2d at 959, and *FPC v. Colo. Interstate Gas Co.*, 348 U.S. 492, 500 (1955)). *See also Aquenergy Systems, Inc. v. FERC*, 857 F.2d 227, 230 (4th Cir. 1988) (court "will not consider a contention not presented to, or considered by, the Commission").

Plaintiffs plainly have not exhausted their administrative remedies. The Commission has not yet even issued an order addressing Mountain Valley's certificate application and the comments submitted regarding that application. The Commission's administrative process has been open to Plaintiffs from its outset. To the extent Plaintiffs have properly intervened and presented their issues and arguments to the Commission, the Commission will address them in its initial and rehearing orders on the certificate application. If Plaintiffs are aggrieved following issuance of a final Commission order, they will have the opportunity to challenge the Commission's orders in a court of appeals. Plaintiffs cannot make an end run around the Act's systematic structure for FERC proceedings and the Act's intent to preclude premature judicial review.

As a district court recently found, the argument "that the project is not for the 'public use' . . . could have, and more importantly, should have been taken up with FERC in the first instance." *Transcontinental Gas Pipe Line Co., LLC v. Permanent Easements for 5.67 Acres*, No. 4:17-cv-00544, 2017 WL 3412374, *3 (M.D. Pa. Aug. 9, 2017); *see also Transcontinental Gas Pipe Line Co., LLC v. Permanent Easements for 2.14 Acres*, No. 5:17-cv-01725, 2017 WL 3624250, *4 (E.D. Pa. Aug. 23, 2017) (challenge whether project serves a public purpose "belongs in front of FERC" and then in the court of appeals). Plaintiffs have not exhausted their administrative remedies and, therefore, their complaint should be dismissed. *See Lovelace*, No. 15-cv-30131, at 1 (dismissing complaint raising virtually identical "public use" claim, in virtually identical circumstances as here, because, among other bases, "Plaintiffs' failure, so far, to exhaust their administrative remedies, as set forth in the Natural Gas Act, is fatal to their claim.").

## III.    The Complaint Is Not Ripe For Judicial Review

For similar reasons, the complaint also should be dismissed because Plaintiffs' complaint is not ripe for review. Ripeness is a threshold question of justiciability arising out of the "case or controversy" requirement of Article III of the United States Constitution. *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013). Ripeness is required to prevent courts from "becoming entangled in 'abstract disagreements.'" *Id.* at 270 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).

To determine whether a case is ripe, the court balances the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id.* "A case is fit for adjudication when the action in controversy is final and not dependent on future uncertainties." *Id.* (internal quotation omitted). "Stated alternatively, '[a] claim is not ripe for

13

adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)). Plaintiffs have the burden to show that their complaint is ripe. *See Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006). They cannot meet that burden here.

First, Plaintiffs' complaint is not fit for judicial decision. The Commission proceeding Plaintiffs challenge is not final. Rather, it is in its early stages, as the Commission has not yet even issued an initial order approving or denying Mountain Valley's application. Thus, Plaintiffs' complaint rests on multiple levels of speculation: (1) that the Commission will approve Mountain Valley's certificate application; (2) that the Commission will approve it as proposed, without a routing or other deviation that would obviate or change Plaintiffs' concerns; (3) that the Commission will approve the application without considering Plaintiffs' "public use" arguments;[7] and (4) that the Commission will not remedy any alleged deficiency in an order on rehearing. These contingent future events may not occur as anticipated, or may not occur at all. *See Scoggins*, 718 F.3d at 270.

---

[7] Plaintiffs claim that the Commission analyzes certificate applications under a policy statement that does not consider "public use." Complaint 23-26. As the D.C. Circuit has explained, however, "because, in issuing the certificate to [the pipeline], the Commission has explicitly declared that the [pipeline] will serve the public convenience and necessity, . . . the takings complained of served a public purpose." *Midcoast Interstate Transm., Inc. v. FERC*, 198 F.3d 960, 973 (D.C. Cir. 2000). *See also*, *e.g.*, *Troy Ltd. v. Renna*, 727 F.2d 287, 301 (3rd Cir. 1984) ("authoriz[ing] an occupation of private property by a common carrier . . . engaged in a classic public utility function" is an "exemplar of a public use"); *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004) ("Congress may, as it did in the [Natural Gas Act], grant condemnation power to 'private corporations . . . execut[ing] works in which the public is interested.'") (quoting *Miss. & Rum River Boom Co. v. Patterson*, 98 U.S. 403, 406 (1878)). In any event, even assuming Plaintiffs' claim regarding the policy statement were correct, policy statements, unlike substantive rules, are not binding on the Commission. *E.g.*, *Consolidated Edison Co. of N.Y. v. FERC*, 315 F.3d 316, 323 (D.C. Cir. 2003). When FERC hears a case, it can decide it under an established policy statement or under a new policy. *Id.*

14

Moreover, there is no hardship to the parties if court consideration is withheld. "The hardship prong is measured by the immediacy of the threat and the burden imposed on the [plaintiff]." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 759 (4th Cir. 2013). "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Id.* at 758 (internal quotation omitted).

As already noted, the Commission has not yet issued an order on Mountain Valley's certificate application. Project staff's recommendations are just that -- recommendations. They do not create any legal rights or obligations, and have no immediate legal consequences. The Commission ultimately might adopt the recommendations in full or in part; it might require additional project rerouting (or operational conditions) beyond that recommended by Projects staff; or it might require staff to prepare a supplemental environmental impact statement.

There is no immediate threat or burden imposed on Plaintiffs, they have not yet suffered any injury, and any claims that the Commission's future order will impact Plaintiffs is wholly speculative. Accordingly, Plaintiffs' claims are not ripe. As in *Lovelace*, No. 15-cv-30131, at 1, therefore, the complaint here should be dismissed because "[i]t is entirely unclear whether the pipeline will ever be constructed and, if so, where."

15

## CONCLUSION

For the foregoing reasons, the Court should dismiss, under Federal Rules of Civil Procedure 12(b)(1), Plaintiffs' complaint on any or all of the bases addressed herein: that the Natural Gas Act vests exclusive review jurisdiction in the courts of appeals; that Plaintiffs have failed to exhaust their administrative remedies; and/or because Plaintiffs' claims are not yet ripe. Plaintiffs seek relief in the wrong court at the wrong time.

Respectfully submitted,


David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

*/s/ Beth G. Pacella*
Beth G. Pacella (MA Bar No. 553554)
Deputy Solicitor

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Fax:    (202) 273-0901
Tel.:    (202) 502-6048
Email:  beth.pacella@ferc.gov

August 31, 2017

16

# ATTACHMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HOLLY AND GORDON LOVELACE,          )
ET AL.,                             )
          Plaintiffs,               )
                                    )
               v.                   )  C.A. No. 15-cv-30131-MAP
                                    )
UNITED STATES OF AMERICA,           )
          Defendant.                )

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT
(Dkt. Nos. 8 & 13)

February 18, 2016

PONSOR, U.S.D.J.

This action arises from the possible siting of a natural gas pipeline in western Massachusetts. Plaintiffs are residents of the area who have received notice that the pipeline, if constructed, might cross their property. They have brought this action in one count, asserted under the Fifth Amendment to the United States Constitution, arguing that a portion of the Natural Gas Act, 15 U.S.C. § 717 et seq. is unconstitutional because it permits taking private property by eminent domain in a manner that does not serve the public use. In their Amended Complaint, Plaintiffs seek injunctive relief declaring a portion of the National Gas Act unconstitutional and enjoining any agencies of the

United States from considering approval of the pipeline.
(Dkt. 5 at 30-31.)

Defendant has moved to dismiss contending that this
court lacks jurisdiction, that Plaintiffs have failed to
exhaust their administrative remedies, and that the issues
raised by Plaintiffs are not ripe.  Defendant points out
that jurisdiction to review any order of the Federal Energy
Regulatory Commission ("FERC"), which is an independent
agency that reviews proposals to build interstate natural
gas pipelines, including the possible pipeline underlying
Plaintiffs' claim, lies with the United States Court of
Appeals under the Natural Gas Act.

The Motion to Dismiss must be allowed.  It is well
established that the Natural Gas Act "forecloses judicial
review of a FERC certificate in district court."  Town of
Dedham v. Federal Energy Regulatory Commission, No. 15-
12352-GAO, 2015 WL 4274884, *1 (D. Mass. July 15, 2015)
(citing Am. Energy Corp. v. Rockies Express Pipeline LLC,
622 F.3d 602, 605 (6th Cir. 2010) and Williams Nat. Gas Co.
v. City of Okla. City, 890 F.2d 255, 262 (10th Cir. 1989)).
While the court does not question the sincerity of
Plaintiffs or their counsel, it is simply clear beyond
dispute that the district court has no role in litigation of
this kind.  The exclusive jurisdiction of the Court of

-2-

Appeals to consider objections to pipeline planning, approval, and construction processes would be entirely undermined if unhappy parties could come to district courts, seeking relief under the Fifth Amendment. Plaintiffs' arena to seek consideration for their claims is within the administrative process and, ultimately, with the Court of Appeals.

Apart from an absence of jurisdiction, Plaintiffs' failure, so far, to exhaust their administrative remedies, as set forth in the Natural Gas Act is fatal to their claim. Finally, Defendant is correct that the issues raised by the Amended Complaint are not yet ripe. It is entirely unclear whether the pipeline will ever be constructed and, if so, where.

Plaintiffs' argument that the FERC is barred from passing upon the constitutionality of the Natural Gas Act, and thus that Plaintiffs' only remedy lies with the district court, is not supported by the text of the statute. The language quoted by Plaintiffs' counsel at the hearing is not from the Natural Gas Act, but appears to come from a 75-year-old decision from the Eighth Circuit commenting upon the powers of the predecessor to the FERC.

For all these reasons, set forth in more detail verbally following argument, Defendant's Motion to Dismiss

-3-

(Dkt. No. 8) is hereby ALLOWED.  Given the court's ruling on
the motion to dismiss, this court will also act sua sponte
and DENY Plaintiffs' Motion for Summary Judgment (Dkt. No.
13).

The clerk will enter judgment of dismissal for
Defendant and this case may now be closed.

It is So Ordered.

                         /s/ Michael A. Ponsor
                        MICHAEL A. PONSOR
                        U. S. District Judge

-4-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on August 31, 2017, I filed the foregoing using the Court's CM/ECF

system, which will provide electronic notice to all counsel of record.


*/s/ Beth G. Pacella*
Beth G. Pacella
Deputy Solicitor

Federal Energy Regulatory
  Commission
Washington, DC  20426
TEL:   (202) 502-6048
FAX: (202) 273-0901
beth.pacella@ferc.gov