IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Orus Ashby Berkley, *et al.*, | ) | |
|     Plaintiffs, | ) | Case No. 7:17-cv-00357-EKD |
| | ) | |
| v. | ) | Judge Elizabeth K Dillon |
| | ) | |
| Mountain Valley Pipeline, LLC, *et al.*, | ) | |
|     Defendants. | ) | |

**FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Orus Ashby Berkley, *et al.* (collectively, "Plaintiffs") ask this Court to grant the drastic and extraordinary remedy of a preliminary injunction to restrain Defendants, the Federal Energy Regulatory Commission and an individually named Commissioner (collectively, "FERC" or the "Commission"), from performing their statutory responsibilities under the Natural Gas Act, 15 U.S.C. § 717f (the "Act"), with respect to a natural gas pipeline certificate application submitted by Defendant Mountain Valley Pipeline, LLC ("Mountain Valley").

As the Commission explains in its concurrently filed Motion to Dismiss, the complaint must be dismissed. The Court lacks subject matter jurisdiction because: the Natural Gas Act vests exclusive review jurisdiction in the courts of appeals regarding all matters inhering in FERC pipeline certificate proceedings; Plaintiffs have not exhausted their administrative remedies; and/or the complaint is not ripe for judicial intervention. Any request for immediate relief during the pendency of a FERC certificate proceeding -- here, FERC has not yet acted on Mountain Valley's certificate application -- must be directed to FERC or to an appropriate court of appeals, not to a district court.

Because of this threshold jurisdictional bar, Plaintiffs cannot satisfy the first prong -- a likelihood of success on the merits -- necessary to obtain a preliminary injunction. Likewise, the remaining preliminary injunction factors establish that Plaintiffs' motion should be denied.

**I.      Preliminary Injunction Standard**

As the Supreme Court has explained, "a preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Trex Co., Inc. v. CPAG Int'l LLC*, No. 5:17-cv-00005, 2017 WL 3272013, *9 (W.D. Va. Aug. 1, 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). To obtain such relief, "the movant 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* (quoting *Winter*, 555 U.S. at 20, and *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013) (en banc)) (alteration by court). "All four of these requirements must be met for a plaintiff to obtain preliminary injunctive relief." *Id.*

**II.     Plaintiffs Cannot Show They Are Likely To Succeed On The Merits Because Their Claims Are Raised In The Wrong Court At The Wrong Time**

As explained in the Commission's Motion to Dismiss, the complaint should be dismissed for lack of subject matter jurisdiction because the Natural Gas Act grants the courts of appeals exclusive jurisdiction over all matters inhering in FERC pipeline certificate proceedings, Plaintiffs have not exhausted their administrative remedies, and/or Plaintiffs' claims are not yet ripe.

Accordingly, Plaintiffs cannot establish that they are likely to succeed on the merits of their complaint, and the motion for preliminary injunction should be denied. *See Trex*, 2017 WL 3272013, *10 (because plaintiff "failed to make a 'clear showing' that it would be

likely to succeed on the merits," this court found it "unnecessary to . . . further address the *Winter* requirements for granting injunctive relief"). As the Fourth Circuit has explained, "a federal court necessarily acts *ultra vires* when it considers the merits of a case over which it lacks subject-matter jurisdiction." *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *see also LeBlanc v. Holder*, 784 F.3d 206, 209 (4th Cir. 2015) (same); *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 823-24 (4th Cir. 2004) ("A preliminary injunction is, of course, 'appropriate to grant intermediate relief of the same character of that which may be granted finally.'") (quoting *De Beers Consol. Mines, Ltd. v. U.S.*, 325 U.S. 212, 220 (1945)); *Trex*, 2017 WL 3272013, *1 (this court "address[ed] the motion to dismiss first because a dismissal of all claims would effectively moot the motion for preliminary injunction"); *N.C. State Bd. of Dental Exam'rs v. FTC*, 768 F. Supp. 2d 818, 824-25 (E.D. N.C. 2011) (having granted motion to dismiss, court "necessarily" denied motion for preliminary injunction as moot); *Pub. Util. Dist. No. 1 of Snohomish Cty. v. FERC*, 270 F. Supp. 2d 1, 5 (D.D.C. 2003) (denying preliminary injunction request against FERC because the court was without jurisdictional authority to afford remedy sought).

III. **Plaintiffs Cannot Show That They Will Suffer Irreparable Harm If A Preliminary Injunction Is Not Granted**

To show irreparable harm, Plaintiffs must demonstrate that irreparable harm is "likely," not just merely "possible," in the absence of an injunction. *See Winter*, 555 U.S. at 22; *see also id.* ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Moreover, the claimed irreparable harm "must be 'neither remote nor speculative, but actual or imminent.'"

3

*De Simone v. VSL Pharmaceuticals, Inc.*, 131 F. Supp. 3d 776, 799 (D. Md. 2015) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)); *see also Winter*, 555 U.S. at 22 (same).

Plaintiffs claim that they satisfy the irreparable injury requirement because they will "suffer[] an unconstitutional taking of their property." Motion at 37. But this claim is premised on multiple levels of speculation: (1) that the Commission will approve Mountain Valley's certificate application; (2) that the Commission will approve it as proposed, without a routing or other deviation that would obviate or change Plaintiffs' concerns; (3) that the Commission will approve the application without adequately considering Plaintiffs' "public use" arguments; and (4) that the Commission will not remedy any alleged deficiency in an order on rehearing.[1]

These contingent future events may not occur as anticipated, or may not occur at all. *See Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 270 (4th Cir. 2013); *see also Consolidated Gas Supply Corp. v. FERC*, 611 F.2d 951, 960 (4th Cir. 1979) (irreparable injury requirement not satisfied unless and until FERC issues a definitive order causing irreparable injury; claims of irreparable injury contingent on future administrative action insufficient). The Commission proceeding here is in its early stages. The Commission has not yet issued an initial order approving or denying Mountain Valley's application. Nor has the Commission adopted any of Projects staff's Final Environmental Impact Statement recommendations. Plaintiffs' irreparable injury concerns are speculative, and do not establish the likelihood of irreparable harm necessary to obtain a preliminary injunction.[2]

---

[1] After the Commission acts on Mountain Valley's application, its decision is subject to a statutorily-prescribed rehearing process. *See* Natural Gas Act section 19(a), 15 U.S.C. § 717r(a).

[2] Plaintiffs are under the mistaken impression that Commission regulation 157.22, 18 C.F.R. § 157.22, requires the Commission to act on Mountain Valley's certificate application by

**IV. Neither The Balance Of Equities Nor The Public Interest Supports Granting Preliminary Injunctive Relief Here**

The last two prongs of the preliminary injunction test -- the balance of equities and the public interest -- do not support Plaintiffs' motion either. Instead, these factors tip strongly in favor of respecting the Congressionally-designed statutory scheme and Congressionally-defined jurisdictional lines.

"Congress has entrusted the regulation of the natural gas industry to the informed judgment of the Commission . . . ." *In re Permian Basin Area Rate Cases*, 390 U.S. 747, 767 (1968). The Natural Gas Act entrusts the Commission with exclusive authority to determine whether a natural gas pipeline is in the public interest. *See Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 365 U.S. 1, 7 (1961) ("The Commission is the guardian of the public interest in determining whether certificates of public convenience and necessity shall be granted."); *Rockies Exp. Pipeline LLC v. 4.895 Acres of Land, More or Less*, 734 F.3d 424, 431 (6th Cir. 2013) ("FERC [is] tasked with deciding whether the public interest support[s] the [pipeline]."); *Columbia Gas Transmission Co. v. FERC*, 750 F.2d 105, 112 (D.C. Cir. 1984) ("the Commission is vested with wide discretion to balance competing equities against the backdrop of the public interest"). *See also N. Atl. Westbound Freight Ass'n v. Fed. Maritime Comm'n*, 397 F.2d 683, 685 (D.C. Cir. 1968) (because a federal agency is the "presumptive[]

---

September 21, 2017 -- 90 days after the final environmental impact statement issued. Preliminary Injunction Memorandum at 3. That regulation does not apply to the Commission's action on a certificate application. Rather, it applies to other agencies whose authorizations are required regarding specific aspects of projects that are outside the Commission's jurisdiction. *See Regulations Implementing the Energy Policy Act of 2005*, 71 FR 62912-01 at PP 2, 14 (2006) (promulgating 18 C.F.R. § 157.22); *Regulations Implementing the Energy Policy Act of 2005*, 71 FR 30632-01 at P 6 & n.9, PP 7, 13, 24 (2006) (Notice of Proposed Rulemaking). The Commission has never interpreted this regulation as applying to itself and, in fact, regularly issues orders on certificate applications more than 90 days after a final environmental document issues.

guardian of the public interest," its views "indicate[] the direction of the public interest" for purposes of deciding whether a stay should be granted pending appeal).

The Commission serves the public interest by fulfilling its statutory responsibilities to determine whether, and under what conditions, Mountain Valley's certificate application should be approved. Thousands of comments have been submitted in, and numerous parties have officially intervened in, the Commission's ongoing proceeding concerning Mountain Valley's proposed project. *See* FERC Docket No. CP16-10.[3] The public comments and the parties' interests are diverse -- some support the project, some oppose the project, and some support the project subject to various conditions, such as those recommended by Projects staff.

The Commission is tasked with weighing those competing interests and determining what is required in the public interest. The Court should not intervene in the Commission's consideration of these matters. *See Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) ("We must hesitate before we say what the Commission may find necessary and convenient, and we must be, and are, reluctant to interfere with administrative proceedings."). This is particularly true here, where Plaintiffs' claimed injuries are contingent on future events in the ongoing Commission proceeding that may not occur as anticipated, or may not occur at all.

---

[3] Filings in FERC proceedings are available on FERC's website, at https://www.ferc.gov/docs-filing/elibrary.asp.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for a Preliminary Injunction should be denied. Plaintiffs cannot satisfy the factors necessary to obtain a preliminary injunction.

Respectfully submitted,

David L. Morenoff
General Counsel

Robert H. Solomon
Solicitor

*/s/ Beth G. Pacella*
Beth G. Pacella (MA Bar No. 553554)
Deputy Solicitor

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C. 20426
Fax:   (202) 273-0901
Tel.:   (202) 502-6048
Email:   beth.pacella@ferc.gov

August 31, 2017

# CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2017, I filed the foregoing using the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

                                                     */s/ Beth G. Pacella*
                                                    Beth G. Pacella
                                                    Deputy Solicitor

Federal Energy Regulatory
  Commission
Washington, DC  20426
TEL:   (202) 502-6048
FAX: (202) 273-0901
beth.pacella@ferc.gov